UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK DANIEL GROSS,

    Plaintiff,

v.                                              Case No. 8:05-CV-1767-27TBM

BOB WHITE, SHERIFF, PASCO COUNTY,
DR. T. McKAY, STATE OF FLORIDA, and
TWENTY-FIVE UNIDENTIFIED DEPUTY
SHERIFFS,

    Defendants.
_____/

## ORDER

Before the Court is a Motion to Dismiss Amended Complaint by Defendants McKay and Unidentified Doe Deputy Sheriffs (hereinafter "motion to dismiss")(Dkt. 42), and Plaintiff's Motion to Deny Defendants [sic] Motion to Dismiss (Dkt. 50) which the Court construes as a response to the motion to dismiss. Plaintiff, a prisoner proceeding *pro se*, initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1). Subsequently, Plaintiff filed an amended complaint (Dkt. 21), and a memorandum of law in support of his amended complaint (Dkt. 22). The events about which Plaintiff complains occurred while he was incarcerated in the Pasco County Jail (hereafter "PCJ").

### Standard of Review

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true. *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139

(1999). While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994). *See also Marsh V. Butler County, Alabama*, 268 F.3d 1014, 1036 (11th Cir. 2001) (finding that "[i]n the light of the usual pleading requirements of Fed. R. Civ. P. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.") (citation omitted); *Mass. School of Law v. American Bar*, 142 F.3d 26, 40 (1st Cir.1998) (finding that a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"). In ruling on a motion to dismiss, federal district courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed.R. Civ. P. 12(b)(6).

A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Roberts v. Florida Power & Light Co.*, 146 F.3d at 1307. It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) is warranted. In the case of a *pro se* action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998).

### Discussion
**A. Claims against John Doe and Jane Doe defendants**

With regard to the "John Doe" and "Jane Doe" defendants, "fictitious party practice is not permitted in federal court." *New v. Sports Rec., Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997).

Although Plaintiff identifies the John Doe and Jane Doe defendants as deputy sheriffs at PCJ, this information is insufficient for the Court to effect service of process on these defendants. *See Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). The service of process forms Plaintiff provided to the Court contain no additional information describing the John Doe and Jane Doe defendants. Therefore, the motion to dismiss will be granted as to the John Doe and Jane Doe defendants.

**B. Claims against Defendant McKay**

Plaintiff asserts the following claims in his amended complaint:

Statement of Claim: My [Mark D. Gross] constitutional right to seek justice and redress, and my Eighth (8th) Amendment right for the 'gross negligence, cruel and unusual punishment, serious bodily injury, and professional malpractice' while under the 'care, custody, and control' of the above-cited Defendants, while being a 'Pretrial Detainee' [incarcerated] at the Pasco County Jail, located in Land O'Lakes, Florida, which is a lawfully constituted correctional institution.

Statement of Facts:[1] Cruel and Unusual Punishment, Zone of Danger Rule Negligent Infliction of Emotional Distress

1. John Doe(s) #8-23,: Sheriff Deputies: Mental Wing:

2. January 25, 2005-January 31, 2005

3. Med III (3): Mental Wing: Psychic Ward

4. The Plaintiff, was placed in a [sic] isolation cell, completely cut-off from the outside world. The Plaintiff's, water supply was shut-off for the first thirty-six (36) hours. Per orders from Dr. T. McKay,. [sic] There was an outlet in the cell for communicating with the medical staff, but was inoperable, leaving the Plaintiff, completely isolated, and unable to communicate with anyone, should the Plaintiff, suffer an emergency. The Plaintiff, was now located in a danger zone, created by the Defendants,. [sic] Whether intentional or unintentional, the Plaintiff, is

---

[1] Plaintiff's statement of facts relevant to the claims against Defendant McKay.

still in fear of his life, if the Second District Court of Appeals, grants a new trial or evidentury [sic] hearing. For Dr. T. McKay, has complete control over anyone in the Pasco County Jail. The deputy sheriffs, were in complete control by banging on cell doors, lights on twenty-four (24) hours a day. A high stressful situation, brought on by the deputies, or by Dr. T. McKay, himself.

5. Nature and Extent of Injuries: (1) sever [sic] emotional distress, whereas the Plaintiff, is claustrophobic; (2) very close to a mental breakdown; (3) humiliated, and ashamed; and (4) greatful [sic] to get away from there.

Serious Bodily Injury, Professional Malpractice

1. Dr. T. McKay, et. al., Bob White, Sheriff, Pasco County, Florida, and the State of Florida.

2. February 4, 2005-February 18, 2005.

3. Med II (2), at the Pasco County Jail, located in Land O'Lakes, Florida.

4. That on February 4, 2005, as per orders from Dr. T. McKay, the Plaintiff's perscribed [sic] medication of Atenolol-Beta Blocker, and heart medicine was 'no longer available' per orders given to the nurse that morning. To further show complete control, Dr. T. McKay, moved the Plaintiff to Med II, more 'observation.' That on February 8, 2005, as per Dr. T. McKay, the Plaintiff's medication of Isosorbide Mononitrate for arteries and veins, vasodilator, was stopped. Then on February 11, 2005, that morning, Dr. T. McKay stopped the Plaintiff's blood pressure medication. By 11:00 p.m. that night, the Plaintiff was taken to Bayonet Point Hospital having a 2nd (Second) heart attack.

5. Nature and Extent of Injury: (1) serious bodily injury; (2) physically handicapped for life, and maimed; (3) an AICD installed; (4) a cost of ($80,000.00) eighty-thousand dollars every four (4) years, to replace the battery.

Relief requested: The Plaintiff, in the above-cited case, seeks 'punitive damages' from the above-cited Defendants whether their actions were intentional and/or unintentional on the grounds of 'gross negligence, cruel and unusual punishment, serious bodily injury, and professional malpractice' in the sum of no lower than five (5)($5,000,000.00) million dollars, to no 'greater than' fifteen million, ($15,000,000.00).

(Dkt. 21 at 17-21) (footnote added).

In his "Amended Pretrial Brief", Plaintiff alleges that on August 24, 2004, he "sustained severe injuries to his 'head and face', as a result of the 'aggravated assault and battery,' by one Timothy Burliegh." (Dkt. 22 at 3-4)(emphasis in original). He further asserts:

> On August 28, 2004, the Plaintiff, started filing Medical Request forms PSO #40014, requesting to see the facilities doctor, one Dr. T. McKay, MD., and to have x-rays taken of his 'head and right jaw.'
> On August 30, 2004, x-rays were taken, and the Plaintiff, was told... "they could not find anything wrong," with the Plaintiff's, x-rays. The Plaintiff, then stated to Dr. T. McKay... "he was still experiencing the same problems," as cited-above. But was now having additional problems consisting of pressure in right ear, dizzy spells, and blurred vision.
> On or about and between August 31, 2004, up to and including December 31, 2004, the Plaintiff, submitted medical request Forms PSO #40014, mounting to approximately one (1) per week. But, the Plaintiff, request's [sic] were completely ignored, i.e. no response, from Dr. T. McKay, or his medical staff, at anytime during this four (4) month period of time. That during this four (4) month period of time, the Plaintiff, was experiencing excruciating pain and discomfort, causing the Plaintiff, to loose [sic] twenty (20) pounds, due to the Plaintiff's, inability to take nourishment, and loss of sleep.

(Dkt. 22 at 10-11)(emphasis in original).

In his Motion to Deny Defendants [sic] Motion to Dismiss, Plaintiff alleges in pertinent part that Defendant McKay exhibited "deliberate indifference" when he "knew of the Plaintiff's...heart condition, and purposefully 'ignored it'". (Dkt. 50 at 19-20).

It is apparent that in his "Amended Pretrial Brief" and "Motion to Deny Defendants [sic] Motion to Dismiss", Plaintiff presents additional facts and claims which were not raised in his amended complaint. The Court will not, however, allow this matter to proceed piecemeal. Therefore, Plaintiff must submit a second amended complaint identifying the defendants and the claims asserted against them in one document.

Plaintiff is cautioned that the second amended complaint *completely supersedes* the original and amended complaints. Once a complaint is amended, the only issues before the Court are the ones raised in the *text* of the amended document. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal rules an amended complaint supercedes the original complaint); *Williams v. United States*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint (Doc. 9) will supersede his prior complaint (Doc. 1) and amended complaint (Doc. 6)."); *Gill v. Tillman*, 2001 WL 395051 at *1 (S.D. Ala. 2001) (same); *Brown v. E.F. Hutton & Co., Inc.*, 610 F.Supp. 76, 78 (S.D. Fla. 1985) (same).

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants' motion to dismiss (Dkt. 42) is **GRANTED** to the extent that the amended complaint is dismissed as to the "John Doe" and "Jane Doe" defendants. In all other respects, the motion to dismiss (Dkt. 42) is **DENIED** as moot.

2. The **Clerk** shall mail two copies of the civil rights complaint form to Plaintiff with his copy of this order. The complaint form shall be marked **"Second Amended Complaint"** and this case number should be affixed thereon.

3. Plaintiff shall, within **TWENTY (20) DAYS** from the date of this order, **file a Second Amended Complaint** on the civil rights complaint form enclosed with this order. Plaintiff should fill out the complaint form completely. In amending, Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place each defendant's full name in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of said form. The Second Amended Complaint must

include all of Plaintiff's claims in this action, and it should not refer back to the original or amended complaint. After completing the form, Plaintiff should mail it to the Court. Plaintiff is responsible for serving counsel for Defendants with a copy of the Second Amended Complaint.

4. To the extent that Plaintiff moves to reinstate Defendants Bob White and State of Florida as defendants (Dkt. 50 at 22), that request is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, on this 9th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: *Pro Se* Plaintiff
　　　　Counsel of Record